UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEYVIDY LUA DE OLIVEIRA MELO,

Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX,

Respondent.

Case No. 1:26-cv-08740-JLT-HBK (HC)

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

(Doc. 3)

Pending before the Court is Petitioner's pro se motion for appointment of counsel, filed October 23, 2026. (Doc. 3). Petitioner, an immigration detainee in custody of U.S. Immigration and Customs Enforcement (ICE) at the Golden State Annex Detention Facility in McFarland, California, proceeds pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks appointed counsel because English is not this first language, and immigration law is complex. (Doc. 3 at 2).

There is no constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). Under the Criminal Justice Act, 18 U.S.C. § 3006A, however, the Court may appoint counsel for a financially eligible person seeking relief under § 2241 when "the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor*

*v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In determining whether appointment of counsel is warranted, the Court considers petitioner's likelihood of success on the merits and ability to articulate claims pro se in light of the legal issues' complexity. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment is also required if the Court authorizes discovery and counsel is necessary for effective discovery; or if the Court determines that an evidentiary hearing is warranted. *See* Rules 6(a) and 8(c); Rules Governing Section 2254 Cases[1]; *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Petitioner has been granted leave to proceed *in forma pauperis*. (Doc. 5). Petitioner challenges his ongoing detention during removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the Court directed Respondent to respond to the Petition, but the response is not yet due. At this early stage, the Court cannot conclude that Petitioner has shown a likelihood of success on the merits. Respondent has also been directed to attach any records necessary to resolve the Petition, so it is not yet clear whether discovery or an evidentiary will be required. Although Petitioner cites the complexity of immigration law, he has adequately filed a habeas petition that sets out facts and supporting legal authority in a coherent manner. On the present record, the, Court does not find that appointment of counsel is necessary to prevent due process violation.

Accordingly, IT IS ORDERED:

Petitioner's Motion for Appointment of Counsel (Doc. 3) is denied without prejudice.

Dated: October 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules governing section 2254 Cases may be applied to habeas petitions other than those brought under § 2254 at the Court's discretion. *See* Rule 1(b).